WHETSTONE VALLEY REALTY CO., Respondent, v.
FENNER et al, Appellants.

### (192 N. W. 744.)

(File No. 5058.  Opinion filed March 14, 1923.)

1.  **Contracts—Debtor May Agree to Pay His Obligation to a Third Person.**

A debtor and creditor may agree that the obligation shall be paid to a third person, and in the absence of fraud or mistake the debtor should not be heard to overturn the agreement.

2.  **Appeal and Error—Conclusion of Law—Findings of Fact—Erroneous Conclusion of Law Stated as Finding of Fact May be Reviewed.**

Where on appeal from judgment alone findings and conclusions are assigned as insufficient to support the judgment, a conclusion of law which is stated as a finding of fact and which is contrary to and wholly unsupported by the findings of fact, will be reviewed as a conclusion and a judgment based upon such erroneous conclusion of law, and contrary to the findings of fact, will be set aside.

Dillion, J., dissenting.

Appeal from Circuit Court, Grant County, HON. FRANK ANDERSON, Judge.

Action by the Whetstone Valley Realty Company against Julius Fenner and others. Judgment for the defendants for less amount than demanded, and they appeal. Judgment vacated and remanded, with directions.

*Thad L. Fuller,* of Milbank, and *Howard G. Fuller,* of Pierre, for Appellants.

*Howard Babcock,* of Sisseton, for Respondent.

(1)    To point one of the opinion, Appellants cited, 30 Cyc. 47; Citizens Bank v. Corking, 9 S. D. 616; Dewey v. Komar, 21 S. D. 117, 120; Coffin v. Smith, 26 S. D. 538.

GATES, J. On April 25, 1911, an accounting was had between plaintiff and defendants and one Bentley in which a settlement was arrived at to the effect that plaintiff owed defendant bank $7,109. Promissory notes were given therefor secured by a real estate mortgage to defendant bank. Bentley and his wife thereafter became the owners of all of the capital stock of plaintiff. This action was begun February 4, 1915, for an accounting between plaintiff and defendants. The defendant bank counterclaimed by seeking the foreclosure of said mortgage. The matter was referred to a referee, who found for the defendant bank, and concluded that it was entitled to a decree of foreclosure of said mortgage. Pursuant to trial rules 41-44, exceptions were filed by defendants to the findings and conclusions, and considered by the court, and it adopted the findings and conclusions of the referee, and adjudged the amount due on the mortgage to be $498.69 upon the date of the referee's report. Defendants appeal from the judgment upon the ground that the judgment is not sustained by the findings.

The sole question in dispute is the disallowance of an item of $1,600 and interest included in the settlement of April 25, 1911. As to that item the referee found:

"That, included within the said item and entries of account so gone over upon April 25, 1911, and upon which said balance was struck, there was an item of $1,600 charged against said Whetstone Valley Realty Company for the services of the said

defendants Fenner and Egrmayer hereinbefore mentioned, which item of charge had been made payable to the said defendant bank, by said defendants, Fenner and Egrmayer; that by reason of the facts aforesaid the said Whetstone Valley Realty Company did on said April 25, 1911, promise and agree to pay the said defendant bank the sum of $1,600 for said services of said Fenner and Egrmayer, and said defendants Fenner and Egrmayer accepted and consented to the said agreement for pay in said form."

The referee further found that in the settlement of April 25, 1911, all the parties acted fairly and in good faith. The referee further found in finding No. 10:

"And there remains justly due and owing from the plaintiff to the defendant State Bank of Twin Brooks, upon promissory note the sum of $2,630 upon this 12th day of March, 1917, according to the tenor and effect of said promissory note."

Finding No. 12 made by the referee is as follows:

"That the item of $1,600 allowed for the services of Fenner and Egrmayer and included in the mortgage debt of $7,109 in fact was not paid out by the mortgagee to Fenner and Egrmayer, and there has been a partial failure of consideation of the promissory note involved in this action as far as the State Bank of Twin Brooks is concerned, and the payee is not the real party in interest as to that item of $1,600, which is the debt of the Whetstone Valley Realty Company to Fenner and Egrmayer, who were not named as payees in said note, and the said defendants, Fenner and Egrmayer, cannot, as a matter of fact, in this action, recover compensation for services performed for the plaintiff, and the note of the State Bank of Twin Brooks on account of such failure of consideration is hereby reduced upon the date of making thereof from $3,000 to the sum of $1,400, and there now remains only justly due and owing to the State Bank of Twin Brooks, payee, from the Whetstone Valley Realty Company, maker, upon the date of these findings, the sum of $498.69."

In so far as this finding conflicts with the other findings, it is a conclusion of law. There is no dispute as to the facts. Every essential finding of fact is in favor of appellants.

The situation disclosed by the finding is briefly this: Included in the mortgage debt of $7,109 was an item of $1,600 for services rendered by Fenner and Egrmayer to respondent. Respondent

agreed to pay such item to appellant bank. Fenner and Egrmayer agreed to look to the bank for such payment. · It is utterly immaterial whether the bank had or had not paid the amount of said item. It is utterly immaterial that there was no finding as to the value of the services embraced in said item of $1,600. It is utterly immaterial that appellants have not brought the evidence into the record before us. There was no warrant for the conclusion that there had been a partial failure of consideration. It was perfectly competent for plaintiff to agree to pay to the bank the obligation which it owed Fenner and Egrmayer, and, in the absence of fraud or mistake, it should not have been heard to overturn that agreement.

The judgment appealed from is vacated, and the trial court is directed to enter judgment of foreclosure in favor of appellant bank for the sum of $2,630, with interest from March 12, 1917, in accordance with the findings of fact of the referee, together with costs and attorneys' foreclosure fees to appellant bank. The appellant bank will also recover costs in this court.

ANDERSON, P. J., not sitting.

DILLON, J. (dissenting). An attempt is here made to dissect the essential findings of the referee and to discard portions of them. The appellant's remedy was to apply to the trial court for a modification of the findings or to move for a new trial, neither of which has been done. The evidence on the trial is not before the court. I think this court should not through the process of elimination undertake to set aside portions of the vital inconsistent findings of the trial court. It is a well-established rule that conclusions of law will be treated as findings of fact to sustain the trial court on an appeal from the judgment roll. Also that there is a presumption that evidence and admissions on the trial would sustain the judgment given by the court.

Note—Reported in 192 N. W. 744. See American Key-Numbered Digest, Contracts, 187(2), 13 C. J. Sec. 815; Inconsistent findings, 2 R. C. L. 184.